IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3215-M-RJ

CHRISTOPHER L. NEALEY, )
)
        Plaintiff, )
)
v. ) ORDER
)
DR. DAVID E. WHITE, et al., )
)
        Defendants. )

Plaintiff, a state inmate proceeding pro se, commenced the instant action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motions to appoint counsel [D.E. 4] and for preliminary injunction [D.E. 5].

The court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here, plaintiff has failed to demonstrate that

exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

Next, the court conducts its initial review. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also

2

"must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Turning to plaintiff's ADA claims, under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To establish an ADA violation, plaintiff must show he (1) has a disability, (2) is otherwise qualified for the benefit in question, and (3) was excluded from the benefit due to discrimination. Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999).

Here, the complaint is unclear as to the nature and extent of plaintiff's alleged disability and he also does not plausibly allege discrimination or exclusion based upon this disability. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Baird, 192 F.3d at 467; Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding the "[ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled."). Accordingly, plaintiff fails to state a cognizable ADA claim.

However, plaintiff's § 1983 claims survive initial review where he alleges defendants were deliberately indifferent to his serious medical needs when they refused to provide him prescribed treatment, in violation of the Eighth Amendment. See Jackson v. Lightsey, 775 F.3d 170, 178

3

(4th Cir. 2014) (providing standard for deliberate indifference towards an inmate's serious medical needs).

Lastly, the court addresses plaintiff's motion for order directing prison officials to provide certain medical treatments. (Mot. for Prelim. Inj. [D.E. 5] at 1-2). To obtain relief a preliminary injunction, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief." Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Nor has he established that an injunction is in the public interest. See Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). Accordingly, plaintiff's motion is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel [D.E. 4] and for preliminary injunction [D.E. 5] are DENIED. Plaintiff's ADA claims are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Eighth Amendment deliberate indifference claims against defendants are ALLOWED to proceed. The court DIRECTS the clerk to continue management of the action under Standing Order 14-SO-02. If service under this

4

standing order fails, DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 29th day of March, 2024.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge