IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3215-M-RJ

| | |
|---|---|
| CHRISTOPHER L. NEALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| DR. DAVID E. WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' motions for summary judgment [D.E. 33, 45] and motions to seal exhibits in support thereto [D.E. 44, 50]. Defendant Dr. David E. White ("White") also filed a proposed sealed motion seeking sealing of his statement of material facts [D.E. 37]. Also before the court are plaintiff's motions for copy of medical records and copy of the complaint [D.E. 24], of discovery [D.E. 25], and to set aside motion for extension of time [D.E. 30]. For the reasons stated below, plaintiff's motions are denied, and defendants' motions are granted.

PROCEDURAL HISTORY

On July 24, 2023, plaintiff, a state inmate proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his serious medical needs by refusing to follow treatment recommendations regarding medication and diet, and refused to provide plaintiff with a functioning CPAP device. [D.E. 1 at 5]. On March 29, 2024, the court conducted a frivolity review of the complaint and allowed the action to proceed as to plaintiff's Eighth Amendment claims against defendants. [D.E. 9]. On October 3, 2024,

plaintiff filed motions for copies of his medical records and complaint, and "of discovery." [D.E. 24, 25].

After a period of discovery and extension of the dispositive motions deadline, on January 10, 2025, plaintiff filed the instant motion to set aside defendant's motion for extension of time to file dispositive motions. On January 27, 2025, defendants filed the instant motions for summary judgment and motions to seal exhibits thereto. [D.E. 33, 44, 45, 50]. Defendant White also filed a proposed sealed motion as to his statement of material facts. [D.E. 37].

Regarding defendant White's motion for summary judgment, White argues plaintiff failed to exhaust his administrative remedies, White was not deliberately indifferent to plaintiff's serious medical needs, and White is entitled to qualified immunity. [D.E. 34]. Defendant White relies on a memorandum in support, statement of material facts, and appendix of exhibits thereto, which includes: (1) defendant White's declaration; (2) plaintiff's relevant Utilization Review Summary; and (3) plaintiff's medical records.[1] [D.E. 34, 35, 36, 37, 38, 39, 40, 41, 42, 43]. In defendants RN Scott ("Scott"), RN Storm ("Storm"), and LPN Mayo's ("Mayo") motion for summary judgment, they argue they were not deliberately indifferent to plaintiff's serious medical needs and they are entitled to sovereign and qualified immunities. In support, these defendants rely on a memorandum in support, statement of material facts, and appendix exhibits thereto, which includes: (1) declaration of counsel; (2) plaintiff's public offender profile; and (3) plaintiff's medical records.

---

[1] White's redacted statement of material facts and declaration, removing plaintiff's medical information, are publicly filed on the docket. [D.E. 35, 36].

2

On February 18, 2025, plaintiff responded in opposition relying on an opposing statement of material facts, his declaration, and a prison administrative record. Plaintiff's response and opposing statement of material facts are both verified. Plaintiff does not address defendant White's argument that plaintiff failed to exhaust his administrative remedies or defendants Scott, Storm, and Mayo's argument that they are entitled to sovereign immunity.

## STATEMENT OF THE FACTS

The facts of this case, in the light most favorable to plaintiff, are summarized as follows.[2] At all times relevant to the instant action, plaintiff was an inmate housed in Tabor Correctional Institution. (Pl. Decl. [D.E. 53-2] ¶ 2; White Decl. [D.E. 36-1] ¶ 18). Plaintiff struggles with sleep apnea and was issued a CPAP in February 2019 to help him sleep. (Pl. Resp. [D.E. 53] at 3; Pl.'s SOMF [D.E. 53-1] at 1).[3] On May 6, 2023, plaintiff's CPAP abruptly stopped working. (Pl. Resp. [D.E. 53] at 3; Pl.'s SOMF [D.E. 53-1] at 1). Defendants Scott, Stormy, and Mayo did not inform plaintiff until 18 days later that he would need a new CPAP. (Pl. Resp. [D.E. 53] at 3; Pl.'s SOMF [D.E. 53-1] at 1). For five months, plaintiff continuously submitted sick-call requests informing defendants that he was afraid of dying in him sleep due to breathing complications, he was unable to sleep and breath, and he was having throat problems. (Pl. Resp. [D.E. 53] at 3). Defendants only response was to have plaintiff clean the CPAP they knew did not work. (Id.). Plaintiff did not receive a new CPAP until he was transferred to Central Prison. (Pl.'s SOMF [D.E. 53-1] at

---

[2] Where plaintiff's response, statement of material facts, and declaration are verified, the court primarily draws from these documents for the factual background. **Error! Main Document Only.**Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding verified pleading based on personal knowledge are competent summary judgment evidence).

[3] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

3

1). Defendant White refused to follow instructions and specialist recommendations for plaintiff's case, and defendant Scott has refused to follow medical recommendations that apple sauce or apple juice be taken with plaintiff's medications. (See Pl.'s SOMF [D.E. 53-1] at 1–2).

## COURT'S DISCUSSION

A.  Motions for copy of medical records and copy of the complaint [D.E. 24], of discovery [D.E. 25]

In his motion for copy of medical records and complaint, plaintiff appears to be requesting a copy of the original complaint in this matter and a third-party subpoena for medical records. [See D.E. 24]. Plaintiff has not established that a third-party subpoena is necessary for such information, particularly in light of the standard tools of discovery available in this case. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir. 2019). Regarding plaintiff's request for copies, the court reminds petitioner that a pro se litigant is responsible for maintaining his own legal records and he is not entitled to copies at the government's expense. See United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292–93 (11th Cir. 2012). Thus, the court denies the motion for copies. If he still seeks copies of docket entries in this action, petitioner instead may use the Public Access to Court Electronic Records ("PACER") program or make a record system request through the Clerk's Office. See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (visited Sept. 30, 2025).

The court now considered plaintiff's motion of discovery. There is no argument presented in the motion. The first page merely states, "Motion of Discovery," and has plaintiff's mailing address and the case number. Plaintiff seems to seek to submit discovery to the court. However,

4

discovery should be served on defendants' counsel. See Local Civ. R. 26.1(a). Accordingly, the motion is denied.

B.     Motion to Set Aside Motion for Extension of Time [D.E. 30]

Plaintiff argues he was prejudiced by the failure of counsel for defendants Scott, Storm, and Mayo to confer with him prior to filing the motion for extension of time to file dispositive motions. Counsel was not required to confer with plaintiff prior to filing the order, and this court finds plaintiff did not suffer prejudice in the granting of the extension. See Local Civ. R. 6.1(a). Plaintiff's motion is denied.

C.     Motions to Seal [D.E. 37, 44, 50]

Defendants seek to seal docket entries 37, 38, 39, 40, 41, 42, 43, 49 because they contain plaintiff's medical records and information. (White Mot. Seal [D.E. 44] at 1–2; White's Proposed Sealed Mot. [D.E. 37];Remaining Def. Mot. Seal [D.E. 50] at 1). Plaintiff does not object to sealing these records. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filing. Plaintiff's interest in preserving the confidentiality of his private medical records outweighs any public interest in disclosure. Thus, the court grants the motion to seal.

D.     Motions for Summary Judgment [D.E. 33, 45]

    1.     Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a

5

genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

    2.    Analysis

As noted, plaintiff alleges defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs by failing to provide him a CPAP, a medically recommended diet, and apple sauce or juice to aid in taking his medications. Defendant White argues plaintiff failed to exhaust his administrative claims as to White, White was not deliberately indifferent, and White is entitled to qualified immunity. Defendants Scott, Stormy, and Mayo argue they were not deliberately indifferent, and they are entitled to sovereign and qualified immunities. As noted above, plaintiff did not address all defendants' arguments in his response, specifically, defendant White's exhaustion argument and defendants Scott, Stormy, and Mayo's sovereign immunity argument. Accordingly, defendants are entitled to summary judgment. See Alvarez v. Lynch, 828 F.3d 288, 295 (4th Cir. 2016) (providing failure to address arguments in favor of summary judgment is "an outright failure to join in the adversarial process [and] ordinarily results in waiver"); Bartels v. Saber Healthcare Group, LLC, No. 5:16-CV-283, 2022 WL 263564,

at *2 (E.D.N.C. Jan. 27, 2022) ("If the moving party files a motion for summary judgement based on a legal theory in plaintiff's complaint and the opposing party fails to address arguments made in favor of summary judgment, the opposing party concede[s] that summary judgment is appropriate." (internal quotation marks omitted)).

Further, there is undisputed evidence in the record that plaintiff failed to exhaust his administrative remedies as to defendant White and that defendants Scott, Storm, and Mayo are entitled to sovereign immunity. (See White Mem. [D.E. 34] at 7–8; Remaining Def. Mem. [D.E. 46] at 7-8). Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Because plaintiff's response to the motion does not identify evidence establishing a genuine dispute of material fact [see D.E. 53], and neither do his verified documents, he has failed to meet this burden. See Celotex, 477 U.S. at 324; Williams, 952 F.2d at 823 (concluding a verified pleading can defeat a motion for summary judgment). Accordingly, plaintiff has not established a triable issue of fact and defendants are entitled to judgment as a matter of law.[4] See Anderson, 477 U.S. at 247–48.

## CONCLUSION

For the reasons discussed above, defendants' motions for summary judgment [D.E. 33, 45] and motions to seal exhibits in support thereto [D.E. 44, 50] are GRANTED. Defendant White's

---

[4] The court acknowledges plaintiff asserts he has been denied access to his medical records by prison officials, thus affecting his ability to respond to the motions for summary judgment. (Pl. Resp. [D.E. 53] at 3). However, because the court does not reach the merits of plaintiff's deliberate indifference claims, the court finds plaintiff's lack of access to medical records not material to the outcome of this case.

7

proposed sealed motion seeking sealing of his statement of material facts [D.E. 37] is GRANTED. The claims against defendant White are DISMISSED WITHOUT PREJUDICE. Plaintiff's motions for copy of medical records and copy of the complaint [D.E. 24], of discovery [D.E. 25], and to set aside motion for extension of time [D.E. 30] are DENIED. The clerk is DIRECTED to maintain docket entries 37, 38, 39, 40, 41, 42, 43, 49 under seal and to close this case.

SO ORDERED this 30th day of September, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

8